IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL ACTION FILE NO. _____

| | |
|---|---|
| FEDERATED MUTUAL ) | |
| INSURANCE COMPANY, a ) | |
| Minnesota corporation, ) | PLAINTIFF FEDERATED |
| Plaintiff ) | MUTUAL INSURANCE |
| ) | COMPANY'S COMPLAINT |
| v. ) | |
| ) | |
| THUNDER CONTRACTING, ) | |
| INC.; PHIL FERGUSON; ) | |
| CAMALA FERGUSON, | |
| Defendants | |

COMES NOW the Plaintiff Federated Mutual Insurance Company ("Federated") complaining of Defendants Thunder Contracting, Inc. ("Thunder") and Phil Ferguson and Camala Ferguson (together, the "Indemnitors") says and avers:

## I. PARTIES

1. Federated is a corporation organized and existing under the laws of the State of Minnesota with a principal place of business located at 121 East Park Square, Owatonna, MN 55060 and is

engaged in the business of providing, among other instruments, contractor surety bonds.

2. Upon information and belief, Defendant Thunder a corporation organized and existing under the laws of the state of North Carolina with principal offices located at 18001 Great Smoky Mountain Express Way, Waynesville, NC 28786 and is engaged in the construction industry.

3. Upon information and belief, Defendants Phil Ferguson and Camala Ferguson are citizens and residents of North Carolina.

## II.     JURISDICTION AND VENUE

4. This Court has jurisdiction over all parties.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship and an amount in controversy in excess of $75,000.00, exclusive of interest and costs.

6. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events that give rise

to this action occurred within this judicial district and because upon information and belief, Thunder maintains its principal places of business and Indemnitors are domiciled respectively within this judicial district.

### III.     FACTUAL ALLEGATIONS

7.     On or about November 22, 2016, Defendants Thunder, and Indemnitors executed an Agreement of Indemnity ("Agreement of Indemnity") whereby they agreed to exonerate, indemnify, and hold Federated harmless from and against any claim, demand, liability, loss, cost, charge, counsel fee, and expense of whatsoever kind or nature that Federated incurred or may incur, by reason of becoming surety for Thunder.  A copy of the 2016 executed Agreement of Indemnity is attached hereto and incorporated herein as Exhibit A.

**Federated's Bonds**

8.     In consideration for the Agreement of Indemnity, Federated issued contractor surety bonds for the foregoing projects naming Thunder as bond principal (the "Projects") as follows:

A. Bond No. 6038397; North Carolina Department of Transportation – Obligee; Gilder's Creek, Yancey County, NC Project; Bond dated February 8, 2017;

B. Bond No. 6067188; North Carolina Department of Transportation – Obligee; Kendalls Church Road, New London, NC Project; Bond dated April 3, 2018; and

C. Bond No. 6081135; Town of Clyde, NC – Obligee; Pigeon River North Sewer Rehabilitation; Bond dated September 4, 2018.

## Bond Claims and Losses

9. Federated received payment bond claims from subcontractors and suppliers of Thunder.

10. In discharge of payment bond obligations, Federated remitted payment to Thunder's subcontractors and suppliers as follows:

| | |
|---|---|
| Fortline Waterworks | $161,987.54 |
| Trull Contracting, Inc. | $10,186.00 |
| W.O.Grubb Steel Erections, Inc. | $26,700.00 |
| Hyatt Pipeline, LLC | $125,039.19 |
| Vortex Services, LLC | $38,921.60 |
| Total | $362,834.33 |

4

## IV. FIRST CAUSE OF ACTION
## (INDEMNITY – BREACH OF CONTRACT)

11. Federated realleges and incorporates by reference paragraphs 1 through 10 of its Complaint.

12. The Agreement of Indemnity constitutes a valid and binding contract between Federated and Defendants.

13. Federated is entitled by right of contract and operation of law to indemnity from Defendants, jointly and severally, for losses, costs, expenses, charges, and fees which Federated has incurred to date related to the Projects and for any additional sums which Federated may incur hereafter in discharge of bond obligations under the Agreement of Indemnity.

14. Federated made demand upon Defendants for contractual indemnity pursuant to its rights under the Agreement of Indemnity.

15. As of the filing of this Complaint, Defendants have failed to indemnify Federated.

16. The failure of Defendants to indemnify Federated for all loss incurred by Federated to date constitutes a breach of the Agreement of Indemnity.

17. As a result of Defendants' breach of contract, Federated has sustained damages in the amount of $362,834.33.

18. The Agreement of Indemnity contains provisions that entitle Federated to recover its reasonable attorneys' fees and other legal expenses from Defendants if Federated incurs such expenses to enforce the Agreement of Indemnity.

19. Pursuant to North Carolina General Statutes Section 6-21.2, Federated is notified that:

    a. Attorneys' fees in the amount of 15% of the outstanding indebtedness owing at the time of the institution of this action will be sought by Federated from Defendants if payment in full of the outstanding indebtedness on the Agreement of Indemnity is not received by Federated within five days from the date of service of process on Defendants; and

    b. Defendants will not be responsible for attorneys' fees if payment in full of the outstanding indebtedness on the Agreement of Indemnity is received by Federated within five days from

the date of service of process on Defendants.

20. Under the Agreement of Indemnity, Federated is entitled to recover all losses in the amount of $362,834.33, plus expenses, costs, and reasonable attorneys' fees, and for all loss incurred hereafter in discharge of Federated's bond obligations.

WHEREFORE, Plaintiff Federated Mutual Insurance Company prays the Court as follows:

1. That Plaintiff have and recover judgment against Defendants Thunder Contracting, Inc., Phil Ferguson and Camala Ferguson, jointly and severally, for the sum of $362,834.33, plus all pre-judgment and post-judgment interest as allowed by law, together with Federated's expenses, costs, and reasonable attorneys' fees incurred in discharge of its bond obligations and enforcement of the Agreement of Indemnity;

2. That Plaintiff have and recover the costs of this action; and,

3. That Plaintiff have and recover such further relief as the Court deems just and proper.

This the 26th day of February, 2020.

                                          */s/ William S. Durr*_____
                                          William S. Durr
                                          N.C. State Bar I.D. No.: 030087
                                          email: wsd@wardandsmith.com
                                          For the firm of
                                          Ward and Smith, P.A.
                                          Post Office Box 2020
                                          Asheville, NC 28802-2020
                                          Telephone: 828.348.6070
                                          Facsimile: 828.348.6077
                                          Attorneys for Plaintiff Federated Mutual Insurance Company

ND: 4839-1192-8246, v. 2